816 P.2d 950

In the Matter of the Appeal in GILA COUNTY JUVENILE DELINQUENCY ACTION NOS. DEL 6280; DEL 6281 & DEL 6282.

Nos. 2 CA–JV 91–0014 to 2 CA–JV 91–0016.

Court of Appeals of Arizona, Division 2, Department A.

Sept. 3, 1991.

Joe Albo, Jr., Gila Co. Atty. by Samuel I. Streichman, Payson, for State.

Arthur E. Lloyd, Payson, and Vlassis & Vlassis by William J. Crimmins, Phoenix, for minors.

## OPINION

HOWARD, Judge.

The state has appealed from the order of the juvenile court dismissing delinquency petitions filed against the three minor appellees on the ground of double jeopardy. For the reasons stated below, we vacate that order and remand for further proceedings.

The facts are not in dispute. The minors were arrested in February 1991 and charged with a number of offenses following a series of telephone bomb threats to Payson High School. They were immediately suspended from school and, following a hearing, were expelled by the Payson Unified School District Board. The minors then filed a motion to dismiss the delinquency petitions which had been filed against them on the ground that they had already been "punished" within the meaning of the constitutional prohibition against double jeopardy by the expulsion order resulting from the same conduct. The trial court agreed and granted the motions. This appeal followed.

The Double Jeopardy Clause of the United States Constitution "protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496 (1989). *See also North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The only contention here is that the school board order expelling the minors from school constitutes punishment within the meaning of the Double Jeopardy Clause and that the state is therefore constitutionally prohibited from punishing them further through delinquency proceedings in the juvenile court.

The minors rely on the Supreme Court's decision in *Halper* for the proposition that the expulsion order, although arising out of a civil rather than criminal proceeding, is nonetheless punishment which precludes delinquency proceedings in the juvenile court. In *Halper*, the Court held that "under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." 490 U.S. at 448–

449, 109 S.Ct. at 1902, 104 L.Ed.2d at 502. The Court explained that whether a particular sanction constitutes punishment is determined not from "the defendant's perspective" but rather with reference to "the purposes actually served by the sanction...." *Id.* at 447 n. 7, 109 S.Ct. at 1901 n. 7, 104 L.Ed.2d at 501 n. 7. That a civil sanction may incidentally have a punitive effect does not mean that it is punishment for double jeopardy purposes. *See State v. Nichols,* 86 Ariz.Adv.Rep. 67 (Ct.App. May 14, 1991).

While the school board's action in expelling a student from school clearly has a punitive effect on the individual student, we believe its primary purpose and function is to protect the other students and the faculty and to preserve the integrity and continuity of the educational process.

> The school officials, as a body and individually, have a responsibility for maintaining order upon the school premises so that the education, teaching and training of the students may be accomplished in an atmosphere of law and order. In measuring the reasonableness of an expulsion, courts must give credence to the role and purpose of the schools and the means available to school administrators to deal with their problems.

*Kelly v. Martin,* 16 Ariz.App. 7, 11, 490 P.2d 836, 840 (1971). *See also Paine v. Board of Regents of the University of Texas System,* 355 F.Supp. 199, 203 (W.D.Tex.1972), *aff'd,* 474 F.2d 1397 (5th Cir.1973); *Clements v. Board of Trustees of Sheridan County,* 585 P.2d 197 (Wyo. 1978) (both rejecting similar double jeopardy claims). Because we believe that the primary purpose of the expulsion order as a sanction is remedial rather than punitive, the minors' double jeopardy rights are not violated by delinquency proceedings in the juvenile court. *See Halper, supra.*

The order of the juvenile court is vacated and the cause is remanded for further proceedings.

LIVERMORE, C.J., and LACAGNINA, P.J., concur.